IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Martin Avila, #08508-027, | ) |
| | ) C.A. No. 0:10-2370-HMH-PJG |
| Plaintiff, | ) |
| | ) |
| vs. | ) **OPINION & ORDER** |
| | ) |
| Edgefield Federal Prison; | ) |
| Mrs. Mary Mitchell, Warden; | ) |
| Mr. Acosta, Assist. Warden; | ) |
| Mr. Collie, Capt.; | ) |
| Mr. Clark, Lt.; | ) |
| Mr. Hollet, Lt.; | ) |
| Mr. Neal, C Unit Manager; | ) |
| Mr. H. Koger, III, B Unit Manager; | ) |
| Mrs. S. Cheek, B Case Manager; | ) |
| Mr. J. Bryant, B Counselor; | ) |
| Mr. Johnson, C Counselor; | ) |
| Mr. Santiago, SIS; | ) |
| Mr. Roper, Unit Officer; | ) |
| Mr. Upson, Unit Officer; | ) |
| Mr. Flores, Unit Offficer; | ) |
| Mr. Kate, Unit Officer; | ) |
| Mrs. Martin, Unit Officer; | ) |
| Mr. Green, Unit Officer; | ) |
| Mr. Evans, Unit Officer; | ) |
| Mrs. Jackson, Unit Officer; | ) |
| Mr. Fallen, Assist. Warden; | ) |
| Mr. S. Smith, Recreation; | ) |
| Mr. T. Nixon; | ) |
| Mr. J. Sullivan; | ) |
| Mr. Spark; | ) |
| Mrs. Lathrop; | ) |
| Mr. L. Morgan, Unit Officer; | ) |
| Mr. Wilson, Unit Officer; | ) |
| Mr. Burkett, B; | ) |
| Mr. Burkett; | ) |
| Mrs. V. Kepner, Education, | ) |
| | ) |
| Defendants. | ) |

1

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Martin Avila ("Avila"), a federal prisoner proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), claiming deprivations of his Fifth, Eighth, and Fourteenth Amendment rights.  Defendants moved to dismiss Avila's complaint pursuant to Rule12(b)(6) of the Federal Rules of Civil Procedure.  Magistrate Judge Gossett recommends granting Defendants' motion.  Avila timely filed objections to the magistrate judge's Report on July 15, 2011.[2]

Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Avila's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[2] See Houston v. Lack, 487 U.S. 266 (1988).

2

claims. In his objections, Avila concedes that dismissal is appropriate because he has failed to state a claim for which relief can be granted, and he requests an opportunity to amend his deficient pleading pursuant to Rule 15 of the Federal Rules of Civil Procedure. (Objections 2, 4, 6-7.) Since the commencement of his Bivens action, however, Avila has filed two motions to amend his complaint. Magistrate Judge Gossett found that the new factual allegations raised in both of the motions failed to cure the deficiencies contained in his original complaint. (Report & Recommendation 8-11). In his most recent request to amend, Avila neither furnishes an amended complaint nor provides any new factual allegations sufficient to remedy his deficient pleading. The court, therefore, denies his request to amend. See Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (noting that a court should deny a plaintiff leave to amend when the amendment would be futile).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Gossett's Report and Recommendation.

It is therefore

**ORDERED** that Defendants' motion to dismiss, docket number 43, is granted, and Avila's complaint is dismissed without prejudice. It is further

**ORDERED** that Avila's motions to amend, docket numbers 42 and 61, are denied as moot.

**IT IS SO ORDERED.**

          s/Henry M. Herlong, Jr.
          Senior United States District Judge

Greenville, South Carolina
July 21, 2011

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.